# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ronald Lord, Karen E. Patterson and Patterson Transportation Services, Inc.

**DEFENDANTS**
Richard A. Richardson, United States Postal Service and United States of America

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alisha A. Nichols, Esquire, 1315 Walnut Street, 12th Floor, Phila, PA 19107, 215-546-4488

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1346

Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 100,000.00 each

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/1/22
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __6744 Dicks Avenue, Phila, PA 19142__

Address of Defendant: __825 Connell Avenue, Yeadon, PA 19050__

Place of Accident, Incident or Transaction: __On Cottman Avenue at or near Rising Sun Avenue, Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  __Must sign here__  _____
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  __Sign here if applicable__  _____
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD LORD, JR.<br>6744 Dicks Avenue<br>Philadelphia, PA 19142<br><br>and<br><br>KAREN E. PATTERSON<br>8630 Forrest Avenue<br>Philadelphia, PA 19150<br><br>and<br><br>PATTERSON TRANSPORTATION SERVICES, INC.<br>8630 Forrest Avenue<br>Philadelphia, PA 19150<br><br>vs.<br><br>RICHARD A. RICHARDSON<br>825 Connell Avenue<br>Yeadon, PA 19050<br><br>and<br><br>UNITED STATES POSTAL SERVICE<br>3190 S. 70th Street, Room 201<br>Philadelphia, PA 19153<br><br>and<br><br>UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Eastern District of Pennsylvania<br>United States Attorney<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106-4476 | CIVIL ACTION - COMPLAINT<br><br><br><br>NO.<br><br><br><br>JURY TRIAL DEMANDED |

1. This court has jurisdiction over the claim asserted over the Defendant, United States Postal Service and United State of America, on the grounds that the claim is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), since it involves an agency of the United States of America as well as the fact that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. This court has supplemental jurisdiction over all other claims asserted in this action under 28 U.S.C. §1367(a) because they are so related to the claim asserted against the Defendant, United States Postal Service, that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this court is proper pursuant to 28 U.S.C. §1402(b) because Plaintiffs, Ronald Lord, Jr., Karen E. Patterson and Patterson Transportation Services, Inc., are residents of Philadelphia County, Pennsylvania.

4. Venue in this court is also proper pursuant to 28 U.S.C. §1402(b) because the act or omission complained of occurred in Philadelphia County, Pennsylvania.

## Parties

5. Plaintiff, Ronald Lord, Jr., is an adult individual who resides at 6744 Dicks Avenue, Philadelphia, PA 19142.

6. Plaintiff, Karen E. Patterson, is an adult individual who resides at 8630 Forrest Avenue, Philadelphia, PA 19150.

7. Plaintiff, Patterson Transportation Services, Inc., is a Pennsylvania corporation with a principal place of business located at 8630 Forrest Avenue, Philadelphia, PA 19150.

8. Defendant, Richard A. Richardson, is an adult individual who resides at 825 Connell Avenue, Yeadon, PA 19050.

9.  Defendant, United States Postal Service, is a sovereign nation comprised of numerous federally authorized agencies and independent establishments of the Executive Branch of the United States Government, duly organized and existing under the laws of the nation, including the United States Postal Service, with a registered office for business, located at 3190 S, 70th Street, Room 201, Philadelphia, PA 19153(hereinafter referred to as "Post Office").

10. Defendant, United States of America, is a sovereign nation comprised of numerous federally authorized agencies and independent establishments of the Executive Branch of the United States Government, duly organized and existing under the laws of the nation, including the United States Postal Service, with a registered office for business, located at 615 Chestnut Street, Suite 1250, Philadelphia, PA.

## Statement of Facts

11. On or about August 27, 2019, and at all times relevant and material herein, while Plaintiff, Ronald Lord, Jr., was operating a vehicle in which plaintiff, Karen E. Paterson, was riding as a passenger, which vehicle was owned by Plaintiff, Patterson Transportation Services, LLC, defendant, Richard A. Richardson, who was in the course and scope of his employment with Defendant, United States Postal Service and/or Defendant United States of America, suddenly and without warning, carelessly and negligently operated and controlled his vehicle, that it was caused to strike the vehicle Plaintiff was operating, which vehicle was then and there lawfully proceeding, as a result of which both Plaintiffs sustained serious personal injuries, hereinafter more specifically set forth.

12. At the time and place aforesaid, the carelessness and negligence of the Defendants by its agents, ostensible agents, servants, workers and/or employees, consisted of the following:

   a)  Operating the said automobile at a high and excessive rate of speed under the

circumstances;

      b)    Failing to have the said vehicle under proper and adequate control;

      c)    Failing to give proper and sufficient notice of her approach;

      d)    Operating the said vehicle without due regard for the rights, safety, and position of the Plaintiff;

      e)    Violating the various ordinances and laws of the City and County of Philadelphia in Pennsylvania and/or the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

      f)    Failing to exercise due care and caution under the circumstances;

      g)    Failing to maintain an assured clear distance;

      h)    Failing to maintain a proper lookout;

      I)    Disregarding traffic controls and/or conditions;

      j)    Being inattentive; and

      k)    Negligent entrustment.

**COUNT I**
**RONALD LORD, JR. VS. RICHARD A. RICHARDSON,**
**UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA**

13.    Plaintiff, Ronald Lord, Jr., incorporates herein by reference the averments contained in Paragraphs 1 through 12, inclusive, as fully as though the same were herein more fully set forth at length.

14.    As a direct result of Defendants' carelessness and negligence as aforesaid, by its agents, ostensible agents, servants, workers and/or employees, Plaintiff, Ronald Lord, Jr., sustained various internal and external serious and permanent injuries in and about the head, body, limbs and psyche, as well as various other and more particular injuries and conditions that may be established,

all of which have caused him and will continue to cause him great pain and agony, and have prevented him and will continue to prevent him in the future from attending to his daily duties and occupation, all to his great financial damage and loss.

15. Plaintiff avers that as a direct result of the negligence and carelessness of the Defendants, Richard A. Richardson, the United States Postal Service, and the United States of America, Plaintiff, Ronald Lord, Jr., has sustained such injuries as a result of which he has been required and obligated to receive and undergo medical attention and care and will incur various medical expenses, and will be obliged to expend additional sums of money for the same purpose in the future in order to treat his injuries which are permanent and severe in nature, causing a permanent loss of bodily function, which satisfies the threshold requirements of the Federal Tort Claims Act, the Political Subdivision Tort Claims Act and/or the Sovereign Immunity Act.

16. Further, by reason of the aforesaid, Plaintiff, Ronald Lord, Jr., has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure himself of his said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to his great financial damage and loss.

17. As a further result of the accident and the injuries sustained therein, Plaintiff, Ronald Lord, Jr., has and may suffer a severe loss of his earnings and impairment of earning capacity and power, all of which has been and will continue to be to his great financial damage and loss.

18. Written notice of said claim was provided to Defendants on October 15, 2019

19. Plaintiffs' claim is not barred by the Federal Tort Claims Act, the Political Subdivision Tort Claims Act and/or the Sovereign Immunity Act in that Plaintiff's claim falls within the exceptions provided under the aforementioned Acts to governmental immunity.

20. Plaintiff, Ronald Lord, Jr., avers that his injuries and damages were caused solely by

the negligence of the Defendants as hereinbefore set forth.

WHEREFORE, Plaintiff, Ronald Lord, Jr., demands judgment against the Defendants, Richard A. Richardson, United States Postal Service, and the United States of America, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest and costs.

## COUNT II
## KAREN E. PATTERSON VS. RICHARD A. RICHARDSON, UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA

21. Plaintiff, Karen E. Patterson, incorporates herein by reference the averments contained in Paragraphs 1 through 20, inclusive, as fully as though the same were herein more fully set forth at length.

22. As a direct result of Defendants' carelessness and negligence as aforesaid, by its agents, ostensible agents, servants, workers and/or employees, Plaintiff, Karen E. Patterson., sustained various internal and external serious and permanent injuries in and about the head, body, limbs and psyche, as well as various other and more particular injuries and conditions that may be established, all of which have caused her and will continue to cause her great pain and agony, and have prevented him and will continue to prevent her in the future from attending to her daily duties and occupation, all to her great financial damage and loss.

23. Plaintiff avers that as a direct result of the negligence and carelessness of the Defendants, Richard A. Richardson, United States Postal Service and the United States of America, Plaintiff, Karen E. Patterson, has sustained such injuries as a result of which he has been required and obligated to receive and undergo medical attention and care and will incur various medical expenses, and will be obliged to expend additional sums of money for the same purpose in the future in order to treat her injuries which are permanent and severe in nature, causing a permanent loss of

bodily function, which satisfies the threshold requirements of the Federal Tort Claims Act, the Political Subdivision Tort Claims Act and/or the Sovereign Immunity Act.

24. Further, by reason of the aforesaid, Plaintiff, Karen E. Patterson., has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

25. As a further result of the accident and the injuries sustained therein, Plaintiff, Karen E. Patterson, has and may suffer a severe loss of her earnings and impairment of earning capacity and power, all of which has been and will continue to be to her great financial damage and loss.

26. Written notice of said claim was provided to Defendants on October 15, 2019.

27. Plaintiffs' claim is not barred by the Federal Tort Claims Act, the Political Subdivision Tort Claims Act and/or the Sovereign Immunity Act in that Plaintiff's claim falls within the exceptions provided under the aforementioned Acts to governmental immunity.

28. Plaintiff, Karen E. Patterson, avers that her injuries and damages were caused solely by the negligence of the Defendants as hereinbefore set forth.

WHEREFORE, Plaintiff, Karen E. Patterson., demands judgment against the Defendants, Richard A. Richardson, United States Postal Service, and the United States of America, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest and costs.

## COUNT III
## PATTERSON TRANSPORTATION SERVICES, INC. VS. RICHARD A. RICHARDSON, UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA

29. Plaintiff, Patterson Transportation Services, Inc., incorporates herein by reference the averments contained in Paragraphs 1 through 28, inclusive, as fully as though the same were herein more fully set forth at length.

30. As a direct result of Defendants' carelessness and negligence as aforesaid, by its agents, ostensible agents, servants, workers and/or employees, Plaintiff, Patterson Transportation Services, Inc.'s vehicle sustained extensive damage requiring repair and replacement of parts, together with labor charges all to Plaintiff's great financial damage and loss.

WHEREFORE, Plaintiff, Patterson Transportation Services, Inc., demands judgment against the Defendants, Richard A. Richardson, United States Postal Service and the United States of America, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest and costs.

DASHEVSKY, HORWITZ, KUHN,
NOVELLO & SHORR, P.C.

BY: _____
ALISHA A. NICHOLS
1315 Walnut Street, 12th Floor,
Philadelphia, PA 19107
(215) 546-4488; (215) 732-6220 (fax)
I.D. No.: 320560
Email: ANichols@DashevskyLaw.com
Attorney for Plaintiff

DASHEVSKY, HORWITZ, KUHN, NOVELLO & SHORR, P.C.

## VERIFICATION

I, Karen Patterson, make this verification subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

(X) Karen Patterson

Dated: 3/1/22

DASHEVSKY, HORWITZ, KUHN, NOVELLO & SHORR, P.C.

## VERIFICATION

I, RONALD LORD, make this verification subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

X Ronald Lord

Dated: 3/1/22